IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BUSTER BAILEY,**

        Petitioner,

v.                                                               Case No. 3:06cv59
                                                                           (Judge Stamp)

**AL HAYNES, Warden,**

        Respondent.

### REPORT AND RECOMMENDATION

On June 13, 2006, *pro se* petitioner initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that the Federal Bureau of Prisons (BOP) "unlawfully" revoked his eligibility for the early release provision provided for by Congress for the successful completion of the 500 Hour Residential Drug Abuse Treatment Program (RDAP). On June 12, 2006, the petitioner sent a letter to the Clerk of the Court, which was docketed as a Motion to Expedite.[1] On September 20, 2006, the respondent filed a response to the petition, and on October 18, 2006, the petitioner filed a reply to the response. This matter is now ripe for a report and recommendation.

### I. Factual History

On, or about, March 27, 2001, the petitioner pleaded guilty in the U.S. District Court for the

---

[1] The substance of the petitioner's letter was that he was approaching 27 months from his projected release date, which coincidentally was also the optimum starting point for the RDAP program to reap the full benefits of the program. Accordingly, the petitioner was seeking an order directing the BOP to admit him to the next available RDAP program. On August 10, 2006, the petitioner was transferred from USP Hazelton to FCI McKean and began the RDAP program at that facility on August 25, 2006. Accordingly, the undersigned has entered an order denying that "motion" as moot.

Northern District of Ohio to being a felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). On May 29, 2001, the petitioner was sentenced to 37 months incarceration, and the court recommended that he participate in an intensive "500 hour" drug treatment program and receive benefit from that participation. In addition, the petitioner was sentenced to three years supervised release and directed to participate in an outpatient program approved by the US Probation Office for treatment of drug and/or alcohol abuse to determine reversion to substance abuse. On, or about September 25, 2001, the petitioner pleaded guilty, again in the U.S. District Court for the Northern District of Ohio, to selling distributing or dispensing narcotics in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On December 11, 2001, petitioner was sentenced to a term of 63 months to run consecutively to his previous 37 months commitment, with four years supervised release to follow. The Court again ordered him to participate in an outpatient program for the treatment of alcohol and/or drug abuse with testing. As well, the Court again recommended that the petitioner participate in an intensive "500 hour" drug treatment program and receive the benefit from that participation.

In early April of 2005, the petitioner applied for admission to the RDAP. On May 2, 2005, the petitioner received notification from S. Gathman, the drug abuse program coordinator, that he met the admission's criteria for the RDAP, and he also appeared to be provisionally eligible for early release. (Doc. 1-3, pg. 1) However, on June 29, 2005, S. Gathman sent a revised notice to the petitioner which indicated that while he was eligible for admission to the RDAP, he did not appear to be provisionally eligible for early release because his instant offense was a crime that excluded him from early release under 18 U.S.C. § 3621(e). (Doc. 1-3, pg. 2)

The petitioner pursued his administrative remedies regarding this determination that he was not eligible for early release. The petitioner filed a request for administrative remedy which was

received by the warden on September 8, 2005, in which he requested that he be classified as a non-violent offender. In a response dated September 19, 2005, the warden noted that the petitioner had been convicted of being a Felon in Possession of a Firearm, Title 18, United States Code, Section 922(g). Warden Haynes continued by noting that Program Statement 5162.02, <u>Definition of Term, Crimes of Violence</u>, states any conviction under 18 U.S.C. § 922(g) is categorized as a crime of violence. Accordingly, Warden Haynes denied the Request for Administrative Remedy. Thereafter, the petitioner appealed the Warden's decision to the Regional Director for the Mid-Atlantic Region. On October 24, 2005, K.M. White, Regional Director, granted the appeal and found that Program Statement 5162.04 did not list his instant offense as a crime of violence. Furthermore, Mr. White's response indicated that the petitioner's records had been corrected to reflect that decision.[2] It is not

---

[2]This decision by K.M. White is directly opposite to her finding in an earlier administrative appeal. It appears that the petitioner may have anticipated that he would be found ineligible for early release based on his initial conviction in the Northern District of Ohio. While it is not clear when the petitioner initiated his Request for Administrative Remedy #373704-F1, the Warden's response, dated April 29, 2005, makes it clear that the petitioner was seeking relief from an "expired" sentence on case number 1:01cr120-01. In his response, Warden Haynes found that the petitioner's sentence in cases number 1:01cr120-1 (Felon in Possession of a Firearm) was consecutive to his sentence of 63 months in case number 1:01cr372-01 (Possession with Intent to Distribute Cocaine Base). Citing Subsection (c) of USC Title 18:3854, the Warden found that multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment. Accordingly, the Warden denied the petitioner's request. On June 9, 2005, K.M. White responded to the petitioner's appeal. She noted that the petitioner was requesting that he be allowed to participate in the Residential Drug Abuse Program and receive the benefit of early release. In denying the appeal, Ms. White found that the aggregation of sentences was in accordance with Title 18 U.S.C. § 3584(c), and as a result, she found that the petitioner remained in service of a sentence which includes a violent offense. Accordingly, Ms. White denied the petitioner's appeal from the Warden's decision. Likewise, on September 20, 2005, Harrell Watts, Administrator, National Inmate Appeals, agreed that multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment. Finding that P.S. 5162.04 identifies 18 U.S.C. § 922(g) as an offense that, at the Director's discretion, precludes an inmate from receiving certain program benefits, including early release, he denied the petitioner's appeal.

clear why the petitioner's records were not corrected in conformity with this decision, nor why the staff at USP Hazelton never reverted to the original Notice to the petitioner that he was provisionally eligible for early release.

The petitioner was incarcerated at USP Hazelton until August 10, 2006. Because USP Hazelton does not have a RDAP, he was transferred to FCI McKean on August 10, 2006,[3] and began the RDAP there on August 25, 2006. The RDAP program has a term of nine months at an institution with an additional six months in a halfway house. Therefore, the petitioner has not yet completed the residential portion of the drug treatment program. Absent early release under the RDAP program, the petitioner's projected release date via Good Conduct Time is October 3, 2008, and the expiration of his full term is October 30, 2009. (Doc. 14, pg. 11)

## II. The Petition

The petitioner argues that he has been improperly denied provisional eligibility for early release. The sum and substance of the petitioner's argument is that he was sentenced to consecutive terms of imprisonment. His first term was for being a felon in possession of a firearm which is a violation of 18 U.S.C. § 922(g)(1). His second term was for selling, distributing or dispensing narcotics in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(2). Because he had completed his thirty-seven months of incarceration for the gun possession before he applied for the RDAP, he argues that the BOP improperly excluded him from provisional consideration for early release based solely on

---

[3] A § 2241 petition must be filed in the district of incarceration. United States v. Miller, 871 F.2d 488 (4th Cir. 1989). Jurisdiction over a § 2241 petition is determined at the time of filing of the petition. Hooker v. Sivley, 187 F.2d 680, 682 (5th Cir. 1999). Although the petitioner is now incarcerated in the State of Pennsylvania, this petition cannot be transferred to the District Court in Pennsylvania within which FCI McKean lies, because the petitioner did not have an unqualified right to bring this action in that court at the time his petition was filed. Bashir v. U.S. Atty. Gen. 508 F.Supp. 1108, 1109 (D.C.Va. 1981).

4

that conviction.

### III. Respondent's Argument

The respondent argues that the BOP staff determined petitioner's ineligibility for early release under 18 U.S.C. § 3621(e) based on well-established and properly implemented policy. Furthermore, the respondent argues that the BOP not only has the authority to aggregate sentences but doing so is beneficial to inmates; allowing inmates to accumulate statutory good time at the maximum rate. The respondent notes that 18 U.S.C. § 358(c) provides that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Therefore, the respondent argues that the BOP's computation of petitioner's consecutive sentences as one aggregated sentence is Congressionally mandated, and argues further that once the sentences are aggregated they then cannot be separated for determinations such as eligibility for early release under 18 U.S.C. § 3621(e). Finally, the respondent argues that decisions regarding all aspects of RDAP are within the discretion of BOP staff and are shielded from judicial review.

### IV Discussion

The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The Act provides that it is applicable to persons convicted of a "nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). Further, the BOP is allowed in its discretion, to reduce an inmate's sentence by up to one year after successful completion of a substance abuse program. Id.; see also Lopez v. Davis, 531 U.S. 230 (2001).

5

However, because the act does not define a nonviolent offense, nor enumerate the criteria for awarding early release incentives, the BOP issued regulations in May 1995,[4] to govern the implementation and regulation of the substance abuse program and a Program Statement to guide staff in determining inmate eligibility. See Program Statement 5330.10. The regulations and the Program Statement define a nonviolent offense as the "converse of a crime of violence." See Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999). Therefore, inmates convicted of a crime of violence as defined in 18 U.S.C. § 924(c)(3) were excluded from eligibility for early release. Section 924(c)(3) defines a crime of violence as an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To further assist staff in determining eligibility for early release, the BOP adopted a second Program Statement in July 1995. See Program Statement 5162.02. This Program Statement offered an exhaustive list of offenses which the Bureau considers crimes of violence. Inmates who fell under any of these categories of offenses were systematically excluded from eligibility for early release. Section 7 of the Program Statement provides that "in all cases" a conviction under 18 U.S.C. § 922(g) constitutes a crime of violence.

However, the BOP's interpretation of a crime of violence was challenged as a valid interpretation of Regulation 550.58 because several federal courts had held that the mere possession of a firearm by a felon is not a crime of violence under 18 U.S.C. § 924(c). Because the Circuits split on the validity of Program Statement 5162.02, the BOP adopted a revised regulation 28 C.F.R.

---

[4] Those regulations were published at 28 C.F.R. § 550.58.

§ 550.58 in October 1997. In its revised regulation, the BOP "abandoned its incorporation of the crime-of-violence definition from 18 U.S.C. § 924(c)," but stated that an inmate whose current offense is a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon, could still be excluded from eligibility for early release at the Director's discretion. See Pelissero, 170 F.3d at 442. The BOP also amended Program Statement 5330.10 to reflect this change and adopted Program Statement 5162.04, effective October 9, 1997, which provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." This Program Statement specifically states that "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain bureau program benefits." (Doc. 14, pg. 18) The 1997 regulation was an interim regulation which was finalized on December 22, 2000. See 65 Fed. Reg. 80745.

## V. ANALYSIS

The sole issue in this case appears to be whether the revised provisional determination that the petitioner is ineligible for early release is proper. As stated previously, that determination was based on the finding that the petitioner's **instant** offense is a crime that excludes him from early release based on Program Statement 5162.04. Clearly, if the petitioner's sole offense was his conviction under 18 U.S.C. § 922(g)(1), the determination that he was ineligible for early release would not be subject to this Court's review. However, the petitioner was sentenced to consecutive sentences, the second of which does not fall within the category of crimes which exclude the possibility of early release.

The government points out that not only does the BOP have the authority to aggregate consecutive sentences but doing so is beneficial to inmates; allowing inmates to accumulate statutory

7

good time at the maximum rate. The respondent then argues that once sentences are aggregated they cannot be then separated for determinations such as eligibility for early release under 18 U.S.C. § 3621(e). Instead, according to the respondent, the petitioner "must reap both the benefits and the burden of the law - the maximum amount of good time allotted based on the aggregation of his sentences but the loss of eligibility for early release after successful completion of RDAP." However, the respondent cites no case law for this position, nor has the undersigned found a case on point.[5]

Accordingly, the undersigned finds that equity dictates that the BOP should be required to follow the directive set forth in K.M. White's Part B Response, dated October 24, 2005, and correct the petitioner's records to reflect that Program Statement 5162.04 does not list the petitioner's "instant offense" as a crime of violence and reinstate his original Residential Program Notice which reflected that he was provisionally eligible for an early release. In making this finding, the undersigned notes that this directive will not compel the petitioner's early release. At the very least, the petitioner must successively complete the RDAP program. Furthermore, even if the petitioner successively completes the drug treatment, the Bureau has the authority but not the duty both to alter

---

[5]The petitioner alleges that the decision in Johnson v. O'Dea, 19 F.3d 19 (6th Cir. 1994), supports his position that the BOP cannot use his initial conviction for gun possession as his "current offense" for purposes of provisionally denying him early release qualification. In that decision, the 6th Circuit concluded that the aggregation of consecutive indeterminate sentences does not accomplish a merger which keeps the first sentence "in play" until the last of the consecutive sentences is over. Conversely, the United States Supreme Court has ruled that " a prisoner serving consecutive sentences is 'in custody' under any one of them" for purposes of the habeas statute. Peyton v. Rowe, 391 U.S. 54, 67 (1968). In Peyton, the petitioner was challenging the sentence slated to run in the future. Utilizing its ruling in Peyton, the United Supreme Court has ruled further that a petitioner remains in custody when the sentence imposed under the challenged conviction lies in the past rather than the future. Garlotte v. Fordice, 515 U.S. 39 (1995). However, because these cases deal with § 2254 petitions and interpretation of state sentences, the undersigned does not find them dispositive of the issues raised herein.

his conditions of confinement and to reduce his term of sentence.

**VI  Recommendation**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **GRANTED** and the Bureau of Prisons be directed to reinstate the petitioner's provisional eligibility for early release .

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp,  Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: January 11, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE