**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**BUSTER BAILEY,**

      Petitioner,

v.                                                                 **CIVIL ACTION NO. 3:06-CV-59**
                                                                              (BAILEY)

**AL HAYNES,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on January 11, 2007 [Doc. 20]. In that filing, the magistrate judge recommended that this Court grant the petitioner's application under 28 U.S.C. § 2241.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were

due by January 26, 2007, within ten (10) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The respondent, Federal Bureau of Prisons, timely filed its objections on January 22, 2007 [Doc. 22]. Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error.

The respondent cites several problems with the magistrate judge's R & R in its Objections [Doc. 22]. For example, the respondent argues that K.M. White's Part B Response, dated October 24, 2005, was misinterpreted to mean that petitioner's instant offense does not preclude him from eligibility from early release. In that response, the Regional Director refers to the petitioner's conviction under 18 U.S.C. § 922 (g) as his "instant offense" and explains that it is not listed as a crime of violence. As such, the BOP should be required to follow the directive set forth in K.M. White's Part B Response and correct the petitioner's records to reflect that Program Statement 5162.04 does not list the petitioner's "instant offense" as a crime of violence and reinstate his original Residential Program Notice, which reflected that he was provisionally eligible for an early release.

The respondent's objections also speak to the BOP's discretion in determining who is eligible for early release upon completion of the RDAP program and chaos that may be created if this discretion is altered. This Court, like the magistrate judge, acknowledges that the BOP possesses discretion in making such determinations. Also, this Court agrees with the magistrate judge that the BOP's authority falls short of allowing it to make a determination that this petitioner is ineligible for early release under RDAP because his aggregated sentences includes a conviction that precludes him from eligibility. However,

this Court reiterates that this directive does not compel the petitioner's early release. Additionally, the petitioner must successively complete the RDAP program. And if the petitioner successively completes the drug treatment, the BOP does have the authority but not the duty both to alter his conditions of confinement and to reduce his term of sentence.

Having reviewed the record, the magistrate judge's R & R and the objections thereto, it is the opinion of this Court that the recommendations of Magistrate Judge Seibert [Doc. 20] should be, and are, hereby **ORDERED ADOPTED** for reasons more fully stated in the magistrate judge's report. Accordingly, the Court hereby **GRANTS** the petitioner's application under 28 U.S.C. § 2241 [Doc. 1]. Additionally, the Court **DIRECTS** the BOP to reinstate the petitioner's provisional eligibility for early release. As a final matter, the petitioner's motions to expedite [Docs. 23 & 26] are hereby **DENIED as moot**.

It is so **ORDERED**.

The Clerk is directed to mail true copies of this Order to all counsel of record, and the *pro se* petitioner.

**DATED**: October 17, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE